IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL COLBERT, as Brother and Administrator of Estate of Decedent Nicholas Michael Colbert, ) ) ) ) | CASE NO. 1:23 CV 1414 |
| Plaintiff, ) ) | |
| v. ) ) | JUDGE DONALD C. NUGENT |
| CUYAHOGA COUNTY, OHIO, et al., ) ) | |
| Defendants. ) | **MEMORANDUM OPINION** |

This Matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendants, Chanda Zitiello RN, Thomas Tallman D.O., Leslie Chute RN, and the MetroHealth System ("MetroHealth Defendants"). (Docket #25.)

**Factual and Procedural Background**

On May 10, 2019, Nicholas Colbert committed suicide while in custody at the Cuyahoga County Jail. Plaintiff alleges that Defendants were aware of Nicholas Colbert's recent suicide attempt and knew that Nicholas Colbert was withdrawing from multiple substances when initially evaluated at the Jail, yet he was not provided necessary screening, medical care or attention at the time of booking and/or while in custody. (Complaint at Paragraphs 27-32.)

After being booked into the jail, Nicholas Colbert was initially held in a general population pod before being moved to a Veteran's Pod – an area of the jail designated for pre-trial detainees and/or inmates who have a history of military service. (Complaint at Paragraphs 39 and 42.) Plaintiff states that despite the obvious risk involved given Nicholas Colbert's history of suicide/self harm, and the fact that he was either under the influence and/or withdrawing from illegal substances, Nicholas Colbert was permitted to maintain possession of the string from the hood of his sweatshirt,[1] which was "of such length and substance that it could be used for self-harm." (Complaint at Paragraphs 33-35.) He later tied the string to the end of the bunk in his cell and hung himself. (Complaint at Paragraph 49.)

Plaintiff alleges Nicholas Colbert received no medical care while in custody and that Nicholas Colbert was ignored by jail staff who were not at their assigned stations; did not make required rounds; and, falsified documents indicating they were checking on inmates/detainees when they were not. (Complaint at Paragraphs 45-46.)

On May 10, 2021, Nicholas Colbert's brother Daniel Colbert, as Administrator of Nicholas Colbert's Estate, filed a lawsuit in the Cuyahoga County Court of Common Pleas, Case No. CV 21 947395. That lawsuit was removed to Federal Court on June 10, 2021, Case No. 21 CV 1161, and voluntarily dismissed without prejudice on August 4, 2022.

On July 22, 2023, Daniel Colbert ("Plaintiff"), filed the instant Complaint, as Brother and Administrator of the Estate of Nicholas Colbert, naming Cuyahoga County, MetroHealth and

---

[1] While being booked, Nicholas Colbert was recorded on surveillance video removing the string from the hood of his sweatshirt and tying it around his waist to hold up his pants. (Complaint at Paragraphs 33-34.) Thereafter, he wrapped the string around his waist on the outside of his pants, where Plaintiff alleges it was objectively observable. (Complaint at Paragraph 25.)

multiple individuals, in their individual and/or official capacities, as Defendants. Plaintiff raises the following claims:

1. A 42 U.S.C. § 1983 claim against all Defendants;

2. Supervisory liability under 42 U.S.C. § 1983 against Defendants Armond Budish, Earl Leiken, Kenneth Mills, Eric J. Ivey, Dr. Thomas Tallman, Antonio Brunello, Chanda Zitiello, and Cuyahoga County;

3. Willful, wanton, reckless, malicious, and bad faith conduct against all Defendants;

4. Intentional infliction of emotion distress against all Defendants;

5. Negligent hiring, training, retention, discipline, and supervision against Defendants Budish, Leiken, Mills, Ivey, Tallman, Brunello, Zitiello, and Cuyahoga County;

6. Failure to intervene against all Defendants;

7. Wrongful death against all Defendants;

8. Survivorship against all Defendants;

9. Fifth and Fourteenth Amendment Due Process against all Defendants;

10. Americans with Disabilities Act and Section 504 Claim against all Defendants;

11. Medical malpractice against all Defendants;

12. 42 U.S.C. § 1983 Monell Claim Against Defendant Cuyahoga County and/or MetroHealth;

13. Vicarious liability/respondeat superior against MetroHealth.

On April 11, 2024, the MetroHealth Defendants filed their Motion for Judgment on the Pleadings. (Docket #25.) The MetroHealth Defendants argue that the allegations raised in the Complaint against them are barred in their entirety under Ohio's four-year medical claim statute of repose; are time-barred under Ohio's one-year medical claim statute of limitations; and, are not otherwise subject to refiling. Plaintiff filed a Response in Opposition on May 28, 2024. (Docket #28.) The MetroHealth Defendants filed a Reply Brief on June 21, 2024. (Docket #33.)

-3-

## Standard of Review

Fed. R. Civ. P. 12(c) provides, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. Ohio 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. Tenn. 1998)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

## Discussion

The MetroHealth Defendants cite *Everhart v. Coshocton Cty. Mem. Hosp.*, Slip Opinion No. 2023-Ohio-4670, arguing that all of Plaintiff's claims against them are barred under Ohio's four-year medical claim statute of repose.

The purpose of a statute of repose is to provide a "fresh start," "embodying the idea that at some point a defendant should be able to put past events behind him." *CTS Corp. v. Waldburger*, 573 U.S.1, 9 (2014). Ohio's medical claim statute of repose, Ohio Rev. Code § 2305.113(C), reads, "No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim."

"Medical Claim" is defined as:

-4-

> **any claim that is asserted in any civil action against a physician**, podiatrist, **hospital**, home, or residential facility, or against a licenses practical nurse, **registered nurse**, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and **that arises out of the medical diagnosis, care, or treatment of any person**.

Ohio Rev. Code § 2305.113(E)(3) (emphasis added). As stated by the Ohio Supreme Court, the language of Ohio Rev. Code § 2305.113(C) is "'clear, ambiguous, and means what it says.'" "Unless another statutory provision negates their inclusion," all medical claims asserted in a civil action against a physician, hospital or registered nurse fall within the scope of the medical claim statute of repose. *Everhart v. Coshocton Cty. Mem. Hosp.*, Slip Opinion No. 2023-Ohio-4670, ¶¶ 12-13.

All of Plaintiff's claims against the MetroHealth Defendants are medical claims as defined above (claims asserted against a physician, registered nurses and a hospital in a civil action that arise out of the medical diagnosis, care, or treatment of Nicholas Colbert, a person) and fall under Ohio's four-year medical claims statute of repose. Furthermore, "Expiration of the statute of repose precludes the commencement, pursuant to the savings statute, of a claim that has previously failed otherwise than on the merits in a prior action." *Wilson v. Durrani*, 164 Ohio St.3d 419, ¶ 38. A voluntary dismissal without prejudice is a dismissal otherwise than on the merits. Plaintiff's Complaint in this case was filed on July 22, 2023, more than four years after the alleged acts or omissions giving rise to Plaintiff's claims and the Ohio savings statute does not extend the medical statute of repose.

## Conclusion

For the foregoing reasons, the Motion for Judgment on the Pleadings (Docket #25) filed

by Defendants, Chanda Zitiello RN, Thomas Tallman D.O., Leslie Chute RN, and the MetroHealth System, is hereby GRANTED.

This case is terminated as to Defendants Chanda Zitiello RN, Thomas Tallman D.O., Leslie Chute RN, and the MetroHealth System.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 23, 2024