# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL COLBERT, as Brother and Administrator of Estate of Decedent Nicholas Michael Colbert, | ) ) ) ) | CASE NO. 1:23 CV 1414 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| CUYAHOGA COUNTY, OHIO, et al., | ) ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |

This Matter is before the Court on the Motion for Partial Judgment on the Pleadings filed by Defendants, Cuyahoga County, Armond Budish, Earl Leiken, Kenneth Mills, Eric J. Ivey, James Lee Johnson, Robert Head, Andre Averyheart and Antonio Brunello ("the Cuyahoga County Defendants"). (Docket #34.)

## Factual and Procedural Background

On May 10, 2019, Nicholas Colbert committed suicide while in custody at the Cuyahoga County Jail. Plaintiff alleges that Defendants were aware of Nicholas Colbert's recent suicide attempt and knew that Nicholas Colbert was withdrawing from multiple substances when initially evaluated at the Jail, yet he was not provided necessary screening, medical care or attention at the time of booking and/or while in custody. (Complaint at Paragraphs 27-32.)

After being booked into the jail, Nicholas Colbert was initially held in a general population pod before being moved to a Veteran's Pod – an area of the jail designated for pre-trial detainees and/or inmates who have a history of military service. (Complaint at Paragraphs 39 and 42.) Plaintiff states that despite the obvious risk involved given Nicholas Colbert's history of suicide/self harm, and the fact that he was either under the influence and/or withdrawing from illegal substances, Nicholas Colbert was permitted to maintain possession of the string from the hood of his sweatshirt,[1] which was "of such length and substance that it could be used for self-harm." (Complaint at Paragraphs 33-35.) He later tied the string to the end of the bunk in his cell and hung himself. (Complaint at Paragraph 49.)

Plaintiff alleges Nicholas Colbert received no medical care while in custody and that Nicholas Colbert was ignored by jail staff who were not at their assigned stations; did not make required rounds; and, falsified documents indicating they were checking on inmates/detainees when they were not. (Complaint at Paragraphs 45-46.) Plaintiff alleges Nicholas Colbert's death was the result of these failures, as well as documented deficiencies in the policies and operation of the County Jail on a broader scale.

On May 10, 2021, Nicholas Colbert's brother Daniel Colbert, as Administrator of Nicholas Colbert's Estate, filed a lawsuit in the Cuyahoga County Court of Common Pleas, Case No. CV 21 947395. That lawsuit was removed to Federal Court on June 10, 2021, Case No. 21 CV 1161, and voluntarily dismissed without prejudice on August 4, 2022.

---

[1] While being booked, Nicholas Colbert was recorded on surveillance video removing the string from the hood of his sweatshirt and tying it around his waist to hold up his pants. (Complaint at Paragraphs 33-34.) Thereafter, he wrapped the string around his waist on the outside of his pants, where Plaintiff alleges it was objectively observable. (Complaint at Paragraph 25.)

On July 22, 2023, Daniel Colbert ("Plaintiff"), filed the instant Complaint, as Brother and Administrator of the Estate of Nicholas Colbert, naming Cuyahoga County, MetroHealth and multiple individuals, in their individual and/or official capacities, as Defendants. Plaintiff raises the following claims:

| | |
|---|---|
| First Cause of Action: | 42 U.S.C. § 1983 for Deliberate Indifference to Serious Medical Needs in Violation of the Eighth and/or Fourteenth and/or Fourth Amendment against all Defendants; |
| Second Cause of Action: | 42 U.S.C. § 1983 Supervisory Liability against Defendants Budish, Leiken, Mills, Ivey, Tallman, Brunello, Zitello, Chute, MetroHealth and Cuyahoga County, along with several John Doe Defendants.. |
| Third Cause of Action: | Willful, Wanton, Reckless, Malicious, and Bad Faith Conduct against all Defendants. |
| Fourth Cause of Action: | Intentional Infliction of Emotional Distress against all Defendants; |
| Fifth Cause of Action: | Negligent Hiring, Training, Retention, Discipline, and Supervision against Defendants Budish, Leiken, Mills, Ivey, Tallman, Brunello, Zitiello, Chute and Cuyahoga County, along with several John Doe Defendants; |
| Sixth Cause of Action: | Failure to Intervene against all Defendants; |
| Seventh Cause of Action: | Wrongful Death against all Defendants; |
| Eighth Cause of Action: | Survivorship against all Defendants; |
| Ninth Cause of Action: | Fifth and Fourteenth Amendment Due Process against all Defendants; |
| Tenth Cause of Action: | Americans with Disabilities Act and Rehabilitation Act Claim against all Defendants; |
| Eleventh Cause of Action: | Medical Malpractice against all Defendants; |
| Twelfth Cause of Action: | 42 U.S.C. § 1983 *Monell* Claim Against Defendants Cuyahoga County and/or MetroHealth; |

    Thirteenth Cause of Action:   Vicarious Liability/Respondeat Superior against Defendant MetroHealth.

On June 26, 2024, the Cuyahoga County Defendants filed their Motion for Judgment on the Pleadings.[2] (Docket #34.) The Cuyahoga County Defendants argue as follows:

1. All claims brought against Defendants Budish, Leiken, Ivey, Brown, Johnson, Head, Mills, Averyheart and Brunello in their official capacity are claims brought against Cuyahoga County and must be dismissed as redundant.

2. Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against Defendants Budish, Leiken, Ivey and Brunello in their individual capacities must be dismissed due to lack of personal involvement with the incident that forms the basis of the Complaint and they are entitled to qualified immunity.

3. Plaintiff has failed to allege sufficient facts to state a claim under the Americans with Disabilities Act ("ADA") or the Rehabilitation Act ("RA").

4. Defendants Budish, Leiken, Ivey and Brunello are entitled to qualified immunity on all claims brought pursuant to 42 U.S.C. § 1983.

5. Plaintiff's *Monell* claim against Defendants Budish, Leiken, Ivey and Brunello must be dismissed because these Defendants did not violate any Constitutional provision and are entitled to qualified immunity.

6. Immunity under Ohio Rev. Code § 2744 applies to all State law claims asserted against Defendant Cuyahoga County, as well as all official capacity claims.

7. All State law claims asserted against Defendants Budish, Leiken, Ivey and Brunello, in their individual capacities, fail as they were not personally involved in the incident; owed no duty toward Nicholas Colbert; and, are entitled to immunity under Ohio Rev. Code § 2744.

---

[2]    On April 11, 2024, Defendants Shanda Zitiello RN, Thomas Tallman D.O., Leslie Chute RN, and the MetroHealth System (the "MetroHealth Defendants") filed a Motion for Judgment on the Pleadings. (Docket #25.) On August 26, 2024, the Court granted the Motion, thereby terminating the MetroHealth Defendants as Parties to this case. (Docket #44.)

      8.      There is no independent actionable claim for willful, wanton, reckless, malicious and bad faith conduct.

      9.      Punitive damages cannot be assessed against Cuyahoga County.

(Docket #34.)

Plaintiff filed a Response in Opposition on August 12, 2024. (Docket #42.) The Cuyahoga County Defendants filed a Reply Brief on August 26, 2024. (Docket #45.)

## Standard of Review

Fed. R. Civ. P. 12(c) provides, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. Ohio 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. Tenn. 1998)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Solo v. UPS Co.*, 819 F.3d 788, 793 (6th Cir. Mich. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland v. FCA US LLC*, 656 F. App'x 232, 236-37 (6th Cir. Mich. 2016) (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000)).

### Discussion

**A.     Section 1983 claims against Defendants Budish Leiken, Ivey and Brunello.**

"Section 1983 provides a cause of action for deprivation, under color of state law, of any rights, privileges or immunities secured by the Constitution or laws of the United States." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 656 (6th Cir. Ky. 1994). 42 U.S.C. § 1983 is not itself a source of substantive rights but provides "'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)(quoting *Baker v. McCollan*, 443 U.S. 137, n.3 (1979)). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. Ohio 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Section 1983 individual capacity claims differ from Section 1983 official capacity claims. *Peatross v. City of Memphis*, 818 F.3d 233, 240-41 (6th Cir. Tenn. 2016). "[A]n individual-capacity claim seeks to hold an official personally liable for the wrong alleged." *Id.* at 241. On the other hand, "[a]n official-capacity claim against a person is essentially a claim against the municipality." *Id.*; *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.") (internal quotations marks omitted).

"[W]here the governmental entity itself is also a defendant, a claim against an official or employee of the entity in their official capacity is superfluous or redundant." *Day v. DeLong*, 358 F. Supp. 3d 687, 700 (S.D. Ohio 2019)(citing *Slocum v. City of Cleveland Heights*, Case No. 1:14 CV 532, 2014 U.S. Dist. LEXIS 83700, *8 (N.D. Ohio June 19, 2014)). As conceded by

Plaintiff, the official capacity claims raised against the individual Defendants are redundant.

Turning to Plaintiff's individual capacity claims against Defendants Budish, Leiken, Ivey and Brunello, a plaintiff cannot establish the liability of any individual defendant under Section 1983 absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. Mich. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 Fed. App'x. 972, 974 (6th Cir. Mich. 2011) ("Personal involvement is necessary to establish Section 1983 liability"). Individual liability must therefore "be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. Ky. 1991).

Supervisory officials and employees cannot be held liable under Section 1983 solely on the basis of *respondeat superior*, or the right to control employees, or on the basis that they failed to remedy a subordinate's unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. Ky. 1999). "[T]he defendant supervisor must be found to have "encouraged the specific incident of misconduct or in some other way directly participated in it." *Essex v. County of Livingston*, 518 F. App'x 351, 355 (6th Cir. Mich 2013)(quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. Tenn. 2008); *Shehee*, 199 F.3d 295, 300)). The Sixth Circuit has held that to be liable under Section 1983, a supervisor must at least implicitly authorize, approve, or knowingly acquiesce in the unconstitutional conduct. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. Ky. 1982). "A mere failure to act will not suffice to establish supervisory liability. *Essex*, 518 F. App'x 351, 355 (citing *Gregory v. City of Lousiville*, 444 F.3d 725, 751 (6th Cir.

Ky. 2006)).

At all times relevant to the Complaint, Defendant Budish was the Cuyahoga County Executive; Defendant Leiken was the County Executive's Chief of Staff; Defendant Ivey was the Warden at the County Jail; and, Defendant Brunello was Corporal at the County Jail. (Complaint at Paragraphs 7-10.) Plaintiff states generally that each was responsible for operating the County Jail and acted within the scope of their employment and under color of State law; that each was responsible for the County Jail's policies, procedures, practices, and customs as well as the training and supervision of agents, servants and jail employees; and, that each had policy making and/or final policy making authority for the County Jail.

However, Plaintiff's Complaint fails to set forth any factual allegations that Defendants Budish, Leiken, Ivey or Brunello were personally involved in or implicitly authorized any conduct that was related to Nicholas Colbert's detention and the asserted injuries. Accordingly, Plaintiff cannot establish that Defendants Budish, Leiken, Ivey or Brunello are liable in their individual capacities. As set forth above, Plaintiff concedes that his official capacity claims against individual Defendants are redundant and should be dismissed. Accordingly, Defendants Budish, Leiken, Ivey and Brunello entitled to judgment as to all of Plaintiff's Section 1983 Claims.[3]

    **B.**    **Plaintiff's *Monell* Claim.**

Defendants have also asked that the Court dismiss Plaintiff's *Monell* claim (Twelfth Cause of Action) to the extent it is premised upon the alleged involvement of Defendants Budish,

---

[3] It is unnecessary for the Court to address the issue of qualified immunity, as the facts as alleged are insufficient to state a claim against individual Defendants Budish, Leiken, Ivey and Brunello under Section 1983.

Leiken, Ivey and Brunello. A plaintiff asserting a Section 1983 claim on the basis of municipal custom or policy must identify the policy, connect the policy to the municipality itself, and show that the particular injury was incurred because of the execution of that policy. *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. Mich. 2004)(citing *Doe v. Claiborne Cty.*, 103 F.3d 495, 505-06 (6th Cir. Mich. 1996)); *see also Monell v. New York City Dep't. of Social Servs.*, 436 U.S. 658 (1978) (there must be a direct causal link between a county policy and the alleged constitutional violation such that the county's deliberate conduct can be deemed the moving force behind the violation). In the absence of a Constitutional violation, there is no municipal liability under 42 U.S.C. § 1983. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Plaintiff's *Monell* claim is asserted against Defendant Cuyahoga County. While there are no allegations in the Complaint that Defendants Budish, Leiken, Ivey and Brunello had any personal involvement in Nicholas Colbert's detention at the County Jail, argument regarding the validity of Plaintiff's *Monell* claim against Cuyahoga County is more appropriately raised on summary judgment.

    **C.**    **Plaintiff's Americans With Disabilities Act and Rehabilitation Act Claims.**

"The Americans with Disabilities Act and the Rehabilitation Act combat discrimination against disabled individuals. Title II of the Americans with Disabilities Act provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Gohl v. Livonia Pub. Sch. Sch. Dist.*, 836 F.3d 672, 681 (6th Cir. Mich. 2016), quoting 42 U.S.C. § 12132. "Section 504 of the Rehabilitation Act provides that a qualified individual with a disability shall not, 'solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or

be subjected to discrimination under any program or activity receiving Federal financial assistance.'" *Gohl*, 836 F.3d 672, 681, quoting 29 U.S.C. § 794(a). The ADA "requires the plaintiff to present sufficiently 'significant' evidence of animus towards the disabled that is a but-for cause of the discriminatory behavior." *Gohl*, 836 F.3d 672, 681)(quoting *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 & n.1 (6th Cir. Ohio 2015)). "The [RA] sets the higher bar, requiring plaintiffs to show that the defendant's acts were done solely by reason of the disability." *Gohl,* 836 F.3d 672, 681 (citing *G.C. v Owensboro Pub. Sch.*, 711 F.3d 623, 625 (6th Cir. Ky. 2013)).

"'Neither the ADA nor the RA provide a cause of action for inadequate medical care.'" *Harrison v. City of Cleveland*, Case No. 1:19 CV 2328, 2020 U.S. Dist. LEXIS 219122, at *9 (N.D. Ohio Nov. 23, 2020)(quoting *Larson v. Eppinger*, Case No. 2:20 CV 4997, 2020 U.S. Dist. LEXIS 204411, at *6 (S.D. Ohio Nov. 2, 2020)). "Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment but do not allege that the inmate was treated differently because of his or her disability." *Vick v. Core Civic*, 329 F. Supp. 3d 426, 443 (M.D. Tenn. 2018)(citing *Bonds v. Southern Health Partners, Inc.*, Case No. 2:15 CV 209, 2016 U.S. Dist. LEXIS 46284 (E.D. Ky. Apr. 6, 2016; *Carrion v. Wilkinson*, 209 F. Supp.2d 1007, 1016 (N.D. Ohio 2004); *Galvin v. Cook*, Case No. 00 CV 29, 2000 U.S. Dist. LEXIS 15181, at *6-7 (D. Or. Oct. 3, 2000)).

Plaintiff does not allege Nicholas Colbert was treated differently because of a disability. Accordingly, Defendants are entitled to judgment on Plaintiff's ADA and RA claims.

    **D.**    **Plaintiff's State Law Claims Against Defendant Cuyahoga County.**

Ohio Rev. Code § 2744.02(A)(1), provides as follows:

> Except as provided in Division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or a proprietary function.

There are five exceptions to this immunity. Ohio Rev. Code §§ 2744.02(B)(1)-(5). The exceptions to immunity include negligent operation of a motor vehicle; failure to maintain a public road; the negligent performance of a proprietary function (the operation of the jail is a governmental function, Ohio Rev. Code § 2744.01(C)(2)(h))[4]; injury or loss caused by negligently-created physical defects within or on the grounds of buildings used for governmental functions, excluding jails; and, where liability is expressly imposed elsewhere in the Ohio Revised Code. Under the facts as alleged in the Complaint, none of the exceptions to immunity apply. Accordingly, Defendants are entitled to judgment as to all of Plaintiff's State law claims against Defendant Cuyahoga County.

### E. Plaintiff's State Law Claims Against Defendants Budish, Leiken, Ivey and Brunello In Their Individual Capacities.

Plaintiff argues that his State law claims against Defendants Budish, Leiken, Ivey and Brunello in their individual capacities should survive Defendants' Motion for Judgment on the Pleadings, relying on the exception to statutory immunity for malicious, bad faith or wanton or reckless actions. Ohio Rev. Code § 2744.03(A)(6)(b).

"Malice" is the willful and intentional design to harm another through conduct that is unlawful or unjustified. *Morrison v. Board of Trustees. of Green Twp.*, 529 F. Supp. 2d 807, 835 (S.D. Ohio 2007) (citing *Cook*, 103 Ohio App.3d at 90, 658 N.E.2d 814)). "Bad faith" involves a

---

[4] Operating a jail and providing medical services within it are governmental functions. *Ruffin v. Cuyahoga Cty.*, Case No. 1:16 CV 640, 2017 U.S. Dist. LEXIS 102199, *41-42 (N.D. Ohio June 30, 2017).

-11-

"dishonest purpose, conscious wrongdoing, the breach of a known duty through some ulterior motive or ill will, as in the nature of fraud, or an actual intent to mislead or deceive another." *Id.* "Wanton misconduct" is the "failure to exercise any care whatsoever." *Id.*

The facts as alleged in the Complaint do not demonstrate that Defendants Budish, Leiken, Ivey and Brunello participated in or had knowledge of Nicholas Colbert's incarceration, let alone facts which demonstrate malicious, bad faith or willful or wanton misconduct by said Defendants. Accordingly, Defendants are entitled to Judgment on Plaintiff's State law claims brought against Defendants Budish, Leiken, Ivey and Brunello in their individual capacities.

### F. Conceded claims.

Plaintiff concedes all of his official capacity claims. Plaintiff concedes his claim for punitive damages against Cuyahoga County. Further, Plaintiff does not dispute that there exists no independent cause of action for willful, wanton, reckless, malicious and bad faith conduct. Accordingly, Plaintiff is entitled to judgment on each of these claims.

### Conclusion

For the foregoing reasons, the Motion for Judgment on the Pleadings (Docket #34) filed by Defendants, Cuyahoga County, Armond Budish, Earl Leiken, Kenneth Mills, Eric J. Ivey, James Lee Johnson, Robert Head, Andre Averyheart and Antonio Brunello is hereby GRANTED IN PART. Defendants are entitled to judgment on the following claims:

- All official capacity claims.

- Plaintiff's Section 1983 claims against Defendants Budish, Leiken, Ivey, and Brunello in their individual capacities.

- Plaintiff's Third Cause of Action for willful, wanton, reckless, malicious and bad faith conduct.

- Plaintiff's State law claims asserted against Cuyahoga County.

- Plaintiff's State law claims against Defendants Budish, Leiken, Ivey and Brunello.

- Plaintiff's Tenth Cause of Action alleging claims under the ADA and RA.

- Plaintiff's claim for punitive damages against Cuyahoga County.

This case is hereby terminated as to Defendants Armond Budish, Earl Leiken, Eric J. Ivey and Antonio Brunello.

This case was previously stayed pending ruling on the Parties' Motions for Judgment on the Pleadings. The stay is hereby lifted. A status conference remains set for December 12, 2024 at 8:45 a.m.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _September 25, 2024_